IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEL-ONE FEDERAL CREDIT UNION,    :
f/k/a DELAWARE FEDERAL CREDIT UNION,  :
d/b/a DEL-ONE,     :
      :
    Plaintiff,    :
      :
      :
v.      :   C.A. No. S17C-12-008 RFS
      :
      :
ROBERT D. SOKOLOVE,    :
      :
      :
    Defendant.    :

## ORDER

*Upon Plaintiff's Motion for Summary Judgment. Granted.*

Submitted: 10/30/2019
Decided: 12/9/2019

Kashif I. Chowdhry, Esq., 116 West Water Street, Dover, DE 19903, Attorney for Plaintiff.

Robert D. Sokolove, 376 David Drive, Langhorne, PA 19047, *Pro Se* Defendant.

## I. INTRODUCTION

Del-One Federal Credit Union ("Plaintiff") filed this Motion for Summary Judgment against Robert D. Sokolove ("Defendant") in an action seeking damages against Defendant for breach of a loan agreement. For the reasons that follow, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## II. FACTUAL AND PROCEDURAL HISTORY

This case involves an alleged breach of a loan agreement Defendant entered into with Plaintiff. In January, 2014 Defendant executed the Loan Application, Credit Agreement, and

1

Security Agreement (collectively, the "Loan Documents") with Plaintiff for a $20,000 credit line. The Loan Documents required Defendant to make monthly payments of principal and interest. The Loan Documents also stated that Defendant would be in default should he fail to make a payment when it comes due.

The Loan Documents provided Defendant with an open line of credit in the amount of $20,000 at an interest rate of 9.90 percent. Defendant utilized the line of credit between April, 2014 and May, 2017. During this time, Plaintiff claims that Defendant, though occasionally missing some payments, generally made his minimum payment. Plaintiff further claims beginning in May, 2017, aside from one payment of $13.08 in December, 2017, Defendant quit making payments. As of November, 2017, Defendant is in default. Currently, the Loan Documents carry a principal and interest balance of $23,581.45.

Plaintiff initiated this action in December, 2017, seeking damages against Defendant arising from his alleged breach. In August, 2018 the Court entered default judgment for Plaintiff under Rule 55.[1] Judgment was entered against Defendant for the total amount of $20,349.96.[2] Defendant moved to vacate the judgment and judgment was vacated on the condition that Defendant file an answer to the complaint. Defendant filed his answer. Now, Plaintiff asks this Court to enter summary judgment in favor of Plaintiff in the amount of $23,581.45 plus prejudgment and post-judgment interest and attorney's fees and costs. Defendant did not respond to Plaintiff's motion. This Court will decide the motion on the pleading filed.

---

[1] Rule 55(b)(1) provides that default judgment may be entered by the Prothonotary upon written direction of the plaintiff if the plaintiff's claim is for a sum certain and the defendant has failed to appear. Super. Ct. Civ. R. 55.
[2] At the time, the loan carried a principal amount of $20,098.90. Plaintiff was also awarded $251.06 in costs.

2

## III. STANDARD OF REVIEW

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[4] When a moving party meets his initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[5] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[6]

## IV. DISCUSSION

Plaintiff argues that the Loan Documents are clear and unambiguous and Defendant has not presented any defense or evidence that could present a material issue of fact to dispute the debts and obligations owed by him, entitling Plaintiff to summary judgment. Defendant did raise several affirmative defenses in his answer. The Court will briefly address the defenses raised by Defendant in his answer to Plaintiff's complaint.

Defendant asserts that Plaintiff's claim is time barred by the applicable statute of limitations and the doctrine of laches. Plaintiff provides that Defendant was not in default until November, 2017. Plaintiff claims that Defendant began missing payments on the loan, thus failing to comply with his obligations under the loan, in May, 2017. "Delaware's contract statute of limitations bars any claims based on a promise to pay filed greater than three years from the accruing of the cause of action."[7] "The statute of limitations begins to run when the Plaintiff's

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[5] Super. Ct. Civ. R. 56(c).
[6] *Wells Fargo Bank, NA v. Keith*, 2017 WL 1279773, at *1 (Del. Super. Ct. Mar. 20, 2017).
[7] *Alonso v. Maldonado*, 2015 WL 7068206, at *2 (Del. Super. Ct. Nov. 12, 2015).

3

claim accrues, at the moment of the wrongful act, or breach."[8] Plaintiff initiated this action in December, 2017, within months of the date Defendant began missing payments and a month following Defendant's default.

Defendant also raises the doctrine of laches. "Unlike a statute of limitations, the equitable doctrine of laches does not prescribe a specific time period as unreasonable. Laches is an unreasonable delay by a party, without any specific reference to duration, in the enforcement of a right, and resulting in prejudice to the adverse party. An unreasonable delay can range from as long as several years to as little as one month"[9] "Laches bars an action in equity if: '[t]he plaintiff waited an unreasonable length of time before bringing the suit and ... the delay unfairly prejudices the defendant.' Therefore, laches generally requires proof of three elements: first, knowledge by the claimant; second, unreasonable delay in bringing the claim; and third, resulting prejudice to the defendant."[10] Plaintiff initiated this action a month following Defendant's default. Defendant was fully aware, as evidenced by the Loan Documents, of what constitutes a default and the consequences of a default. Furthermore, the doctrine of laches is an equitable defense, not available in this Court.[11] Therefore, because the statute of limitations would not bar Plaintiff's claim, Plaintiff is not time-barred from bringing this claim.

Defendant also argues that Plaintiff's remedies are limited only by the security offered and because there was no security offered, Plaintiff is barred from recovery. The Court rejects this defense. The Loan Documents, which are signed by the Defendant, provide that Plaintiff can demand immediate payment of the entire unpaid balance and collateral can be applied towards

---

[8] *Id.* (citing *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, *6 (Del. Super. Feb. 15, 2013)).
[9] *Whittington v. Dragon Grp., L.L.C.*, 991 A.2d 1, 7–8 (Del. 2009).
[10] *Id.* at 8 (citing *Reid v. Spazio*, 970 A.2d 176, 183 (Del.2009)).
[11] *Mine Safety Appliances Co. v. AIU Ins. Co.*, 2016 WL 498848, at *12 (Del. Super. Ct. Jan. 22, 2016).

4

the outstanding amount.[12] Defendant was aware, as evidenced by the Loan Documents, that Plaintiff could demand the entire unpaid balance in the event of a default. The Loan Documents do not provide that any collateral given under the Loan Documents is the only way Plaintiff may collect on the outstanding balance.[13]

Defendant also asserts the doctrine of unclean hands as a defense to Plaintiff's claim. He argues that Plaintiff negligently failed to maintain any reasonable communication with Defendant and has provided no notice of a claim existing. "The doctrine of unclean hands is a rule of public policy designed to protect the public and the Court against misuse by persons who, because of their conduct, have forfeited the right to have their claims considered. 'The question raised by a plea of unclean hands is whether the plaintiff's conduct is so offensive to the integrity of the court that [plaintiff's] claims should be denied, regardless of their merit.' The unclean hands defense has been described as 'purely equitable' in nature and 'generally inappropriate' where legal remedies are sought."[14]

"While the unclean hands doctrine is generally an equitable defense available in the Court of Chancery, this Court is permitted to consider equitable defenses raised by parties."[15] Plaintiff is seeking monetary damages, a legal form of relief, and as such, this defense fails as a matter of law.[16] Furthermore, Defendant has not pleaded any facts that would give rise to a defense of unclean hands. "The question raised by a plea of unclean hands is whether the

---

[12] The Credit Agreement, under the section titled "Security," provides "you pledge as security for the Plan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts you have with us now and in the future." It further provides that Plaintiff may exercise any rights Plaintiff has under the Security Agreement or given by law. Pl.'s Mot. Ex. B.

[13] *Id.*

[14] *Korotki v. Hiller & Arban, LLC*, 2017 WL 2303522, at *11 (Del. Super. Ct. May 23, 2017) citing *Gallagher v. Holcomb & Salter*, 1991 WL 158969, at *4 (Del. Ch. Aug. 16, 1991).

[15] *Manufacturers & Traders Tr. Co., Wilmington Sav. Fund Soc., FSB v. Washington House Partners, LLC*, 2012 WL 1416003, at *4 (Del. Super. Ct. Mar. 22, 2012) (citing *USH Ventures v. Global Telesystems Group, Inc.*, 796 A.2d 7, 20 (Del.Super. May 9, 2000)).

[16] *See Standard Gen. L.P. v. Charney*, 2017 WL 6498063, at *25 (Del. Ch. Dec. 19, 2017).

plaintiff's conduct is so offensive to the integrity of the court that his claims should be denied, regardless of their merit."[17] Defendant merely states that Plaintiff "negligently failed to maintain any reasonable communication with Defendant."[18] Defendant does not provide any facts that would support a finding that Plaintiff's actions were so offensive to the integrity of the Court that would justify invoking this doctrine.

The Court finds that Defendant has failed to raise any affirmative defense that would bar Plaintiff's claim. The Court will now address whether Plaintiff has met its summary judgment burden. To meet its burden, Plaintiff must show that no material issues of fact are present.[19]

Plaintiff claims that Defendant has committed a clear and unambiguous default of the Loan Documents. "'When the issue before the Court involves the interpretation of a contract, summary judgment is appropriate only if the contract in question is unambiguous ... To succeed in its Motion for Summary Judgment, [Movant] must establish that its construction of the ... agreement is the only reasonable interpretation'".[20] "[T]he plaintiff must establish: (1) the existence of an express or implied contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damages to the plaintiff."[21] "Furthermore, a plaintiff alleging breach of contract must demonstrate substantial compliance with all the provisions of his contract in order to recover damages for any breach."[22]

Plaintiff provided the Loan Documents along with the motion for summary judgment. The Loanliner Application, Credit Agreement for the Open-End Plan, and the Open-End

---

[17] *Gallagher v. Holcomb & Salter*, 1991 WL 158969, at *4 (Del. Ch. Aug. 16, 1991), *aff'd sub nom., New Castle Ins., Ltd. v. Gallagher*, 692 A.2d 414 (Del. 1997).
[18] Def.'s Answ. at 2.
[19] Super. Ct. Civ. R. 56(c).
[20] *Edelstein v. Goldstein*, 2011 WL 721490, at *4 (Del. Super. Ct. Mar. 1, 2011) (quoting *United Rentals Inc. v. Ram Holdings, Inc.*, 937 A.2d 810, 830 (Del.Ch.2007)).
[21] *Edelstein*, 2011 WL 721490, at *5 (citing *VLIW Tech., LLC v. Hewlett–Packard Co.*, 840 A.2d 606, 612 (Del.2003)).
[22] *Edelstein*, 2011 WL 721490, at *5.

6

Voucher and Security Agreement are signed by the Defendant. The Borrower name on the provided Loan Documents lists Defendant, along with his personal information.[23] The contents of the Loan Documents provide that Defendant would receive an account in the amount of $20,000. They also provide the repayment terms. Defendant's signature is affixed to the documents, leading to the conclusion that Defendant was aware of his obligation.[24] Defendant began using the line of credit in April, 2014. He continued to use the credit line until May, 2017. Defendant's obligation under the Open-End Plan was to make monthly payments on the outstanding balance. Defendant received monthly statements displaying the amount due and the outstanding balance.[25] Plaintiff claims Defendant generally made the minimum payment until May, 2017. With the exception of one payment of $13.08 in December, 2017, Defendant quit making payments.

Plaintiff argues, and the Court agrees, that this is a clear and unambiguous default of the Loan Documents. The Loan Documents expressly provide under the section titled "Default" that "you will be in default if you do not make a payment of the amount required when it is due."[26] Defendant did not make the required payments when they came due beginning in May, 2017, breaching his obligations under the Loan Documents. As a result of his failure to make his payments as agreed upon, Defendant was in default.

Plaintiff, complying with its end of the agreement, extended a $20,000 line of credit to Defendant.[27] Defendant used the line of credit for purchases and advances.[28] Defendant has not repaid the balance, resulting in damage to the Plaintiff.

---

[23] Personal information includes the borrower's address, birth date, phone, and driver's license information.
[24] Pl.'s Mot. Ex. C.
[25] Pl.'s Mot. Ex. D.
[26] Pl.'s Mot. Ex. B.
[27] *Id.*
[28] Pl.'s Mot. at ¶ 10. (under the section titled "What Happens If You Are In Default")

Plaintiff has successfully shown that a contract exists between Plaintiff and the Defendant. Plaintiff has also successfully shown that Defendant was obligated, under the Loan Documents, to repay the line of credit extended by Plaintiff and has failed to do so, resulting in injury to the Plaintiff. Plaintiff has satisfied its summary judgment burden. Therefore, summary judgment is appropriate and Plaintiff is entitled to repayment of the principal amount plus interest.

In addition to the amount owed by the Defendant under the Loan Documents, Plaintiff requests attorney's fees. The Court finds that Plaintiff is not entitled to attorney's fees. It is a well-established rule that, in an action at law in Delaware, "the Court cannot award attorney's fees absent contractual or statutory authority."[29] In reviewing the Loan Documents, the Court finds only one mention to Defendant's obligation to pay attorney's fees. Within the Security Agreement, in an event of a default, the document provides that in gaining possession of any property given as security, expenses for taking possession of and selling the property will be deducted from the money received from the sale. Those costs may include the cost of storing the property, preparing it for sale and attorney's fees to the extent permitted.[30] That is not the present situation. Plaintiff is not seeking fees related to taking possession of collateral. Therefore, the Court does not find any contractual authority entitling Plaintiff to attorney's fees related to this action.

---

[29] *E. I. Du Pont De Nemours & Co. v. Admiral Ins. Co.*, 1994 WL 465547, at *6 (Del. Super. Ct. Aug. 3, 1994).
[30] Pl.'s Mot. Ex. C.

# V. <u>CONCLUSION</u>

Plaintiff has successfully shown that it is entitled to judgment as a matter of law. Defendant has failed to satisfy his summary judgment burden because he did not respond to Plaintiff's motion. Therefore, Plaintiff's Motion for Summary Judgment is **GRANTED**. Judgment is entered for Plaintiff and against Defendant in the amount of $23,581.45, with prejudgment and post-judgment interest at the interest rate of 9.90 percent until paid in full plus costs. Plaintiff's request for attorney's fees is denied.

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2019 DEC -9 P 1:37